47 F.3d 1168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GILES SECURITIES CO., L.P., a Delaware partnership,
Plaintiff-Appellant,
v.
OUTER DRIVE HOUSING FINANCE CORPORATION, a Michigan
non-profit corporation, City of Detroit, a municipal
corporation, Michael H. Jacobson, an individual, Miller,
Canfield, Paddock and Stone, a Michigan partnership,
Coughlin & Company, a Colorado corporation, Defendants-Appellees.
 No. 93-2474.
 United States Court of Appeals, Sixth Circuit.
 Jan. 6, 1995.
 
 Before: MILBURN, SUHRHEINRICH, and LAY*, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this diversity action alleging breach of contract, intentional interference with a contract and/or business relationship or expectancy, and unfair competition, plaintiff appeals the dismissal of its complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 12(b)(6). On appeal, the issues are (1) whether the district court erred in dismissing plaintiff's complaint for failure to state a claim upon which relief can be granted, and (2) whether the district court erred in denying plaintiff's motion to amend its complaint.
 
 
 2
 On November 13, 1990, plaintiff Giles Securities Co., L.P., allegedly entered into a written letter agreement with the City of Detroit ("City") and Outer Drive Housing Finance Corp. ("Outer Drive") whereby plaintiff agreed to act as agent for the City and Outer Drive in obtaining debt financing in the approximate amount of $8,293,800.00 for the refinancing of the Greenhouse Project, a project insured by the Federal Housing Authority. Subsequently, by a letter dated March 22, 1993, the City cancelled any purported contractual agreement, stated that the City did not believe itself to be under any contractual obligation to plaintiff, and contracted with another investment banker to refinance the debt.
 
 
 3
 Count I of plaintiff's complaint alleged that defendants City and Outer Drive breached the contract signed on November 13, 1990, which provided that plaintiff was to be the sole and exclusive investment banker for a proposed refinancing of certain Outer Drive bonds. Plaintiff also alleged that it had performed all conditions precedent required by the contract. The complaint summarized a series of letters between plaintiff and Bella Marshall, Director of Finance for the City. The complaint states that in December 1992, the City expressed certain "concerns" about the proposed refinancing in a letter. When plaintiff responded to these concerns, the City wrote plaintiff another letter on December 21, 1992, stating that
 
 
 4
 proceeding any further on this matter will not produce significant results, particularly since the City has not solicited the services of Giles or any other firm in this regard. Therefore, we will neither communicate further with you on this matter, nor receive communications or modified proposals from you.
 
 
 5
 J.A. 29 (Exhibit D to Complaint).
 
 
 6
 Plaintiff again wrote the City in an attempt to work out their differences in January 1993. On March 22, 1993, the City wrote plaintiff that its December 21, 1992 letter was a "cancellation of any purported Agreement" and stated, "The City has no intention of proceeding with this underwriting with you as investment banker and is under no contractual obligation to do so." J.A. 33 (Exhibit F to Complaint).
 
 
 7
 The complaint also stated that plaintiff "believed" that the City and Outer Drive entered into a contract in February 1993, with two other underwriters, defendant Coughlin & Co. ("Coughlin") and Newman and Associates, Inc., to perform the services identified in the contract with plaintiff. Plaintiff alleged that the City and Outer Drive breached the contract by refusing to perform and repudiating the contract, which proximately caused plaintiff to incur damages.
 
 
 8
 Plaintiff attached eight exhibits to its complaint. These exhibits included the November 6, 1990 letter, which on November 13, 1990, became the agreement between the City, Outer Drive, and plaintiff; the series of letters between the City and plaintiff; and a letter to defendants Michael H. Jacobson ("Jacobson"), and Miller Canfield, Paddock, and Stone ("Miller Canfield") expressing plaintiff's concern that defendant Jacobson "may" have passed plaintiff's confidential information to Coughlin. As will be seen hereinafter, the written letter agreement contains conditions precedent regarding approval of the refinancing by Outer Drive, the City and the United States Department of Housing and Urban Development.
 
 
 9
 The district court dismissed Count I of plaintiff's complaint finding that defendants Outer Drive and the City had no contractual obligations to plaintiff because plaintiff had failed to obtain the approval of the City of the specific details of the refinancing as was required by the agreement, and because a ninety (90) day exclusivity period set out in the letter agreement had expired. The district court based its conclusion on the written letter agreement and the correspondence from the City which were attached as exhibits to plaintiff's complaint and which indicated the City's dissatisfaction with plaintiff's refinancing proposal. Counts II and III of the complaint set forth the claims against Jacobson, and Miller Canfield and Coughlin. Count II was titled "Intentional Interference with Contract and/or Business Relationship or Expectancy." J.A.11. In Count II, plaintiff alleged that a contract and/or business relationship and expectancy existed between plaintiff and the City and Outer Drive. It further alleged that on February 21, 1991, plaintiff met with representatives of Amurcon Corp., which is not a party to this case. Amurcon is the general partner of Greenhouse Limited Dividend Housing Association, the owner of the project subject to the refinancing. Michael Jacobson, an attorney with Miller Canfield, was present at the meeting representing Amurcon. At the meeting, plaintiff presented its financial analysis of the proposed refinancing which the parties agreed to keep confidential. Sometime around April to May of 1991, Coughlin presented the City with a competing proposal for the refinancing and indicated that Jacobson and Miller Canfield would serve as its counsel if the refinancing deal proceeded. On May 7, 1991, plaintiff sent the City a letter calling attention to the existing contract between plaintiff and the City. A copy of this letter was also sent to Coughlin and was attached as Exhibit G to the complaint.
 
 
 10
 On August 13, 1991, plaintiff wrote a letter to Jacobson warning that Coughlin was interfering with their contract with the City. In Count II, plaintiff further alleged that confidential information supplied to Jacobson during the February 21, 1991 meeting "may have been conveyed to Coughlin;" that Jacobson's actions "may have" damaged plaintiff's relationship with the City and Outer Drive; and that Jacobson's actions "may" constitute a conflict of interest, in that Miller Canfield was "apparently representing" Coughlin, the City, and Amurcon. J.A. 12-13.
 
 
 11
 Plaintiff further alleged that Jacobson, and Miller Canfield, and Coughlin all knew of the contract or business relationship between plaintiff and the City, that they intentionally and improperly interfered with the contract and relationship, and that they caused the breach. Additionally, plaintiff alleged that their actions were willful and wanton, and that they proximately caused plaintiff damages. Plaintiff, however, presented no facts in its complaint to support these conclusory allegations.
 
 
 12
 The district court determined that plaintiff failed to state a claim for tortious interference with a business relationship or expectancy because plaintiff failed to show any nexus between the alleged improper conveyance of confidential information and the City's refusal to approve the terms of plaintiff's proposed refinancing over a year later. Furthermore, the district court found that the correspondence from the City expressing the City's concerns with the proposed financing was the only reason presented that explained the City's refusal to contract with plaintiff.
 
 
 13
 Count III, entitled "Unfair Competition," merely alleged, in conclusory terms, that Jacobson, and Miller Canfield, and Coughlin "have engaged in acts of unfair competition" which caused the City and Outer Drive to breach the contract with plaintiff. J.A. 14. In Count III, plaintiff stated that these acts were malicious or willful and wanton and that these acts resulted in damages to plaintiff. However, plaintiff alleged no facts to support this claim. The district court dismissed this count upon finding that these allegations do not state a cause of action for unfair competition under Michigan law.
 
 
 14
 Plaintiff commenced this action on May 4, 1993. On June 8, 1993, defendants Jacobson, and Miller Canfield, and Coughlin filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim as to Counts II and III, the only two counts in which these defendants were named. On June 14, 1993, defendants Outer Drive and the City filed a motion for summary judgment and/or motion to dismiss for failure to state a claim as to Count I, the only count in which these defendants were named. In response, plaintiff filed one pleading responding to both motions on July 23, 1993. On September 8, 1993, the district court granted all defendants' Fed.R.Civ.P. 12(b)(6) motions to dismiss for failure to state a claim on which relief can be granted; the dismissal was with prejudice. On October 14, 1993, the district court denied plaintiff's motion for reconsideration of its order dismissing plaintiff's complaint with prejudice and for leave to file an amended complaint.
 
 
 15
 Upon consideration of the record and the briefs of the parties and after hearing oral argument in behalf of the appellees, we AFFIRM the judgment of the district court for the reasons stated in its order of September 6, 1993, granting defendants' motions to dismiss.
 
 
 
 *
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation